IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JASON HERSEY,<br><br>*Plaintiff,*<br><br>v.<br><br>SHAWN HOMAN,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:25-cv-00268-TES |

## ORDER REMANDING CASE

Following Defendant Shawn Homan's removal of this case from the Superior Court of Bleckley County, Georgia, the Court ordered him to show cause as to the amount in controversy. [Doc. 1]; [Doc. 4]. As noted in the Court's Order to Show Cause [Doc. 4], Defendant relied on diversity jurisdiction pursuant to 28 U.S.C. § 1332 when he filed his Notice of Removal [Doc. 1]. [Doc. 4, p. 1].

Since Plaintiff Jason Hersey didn't state a specific dollar amount on the face of his Complaint [Doc. 1-2], the Court provided Defendant with the opportunity to present post-removal evidence as to the jurisdictional amount. [*Id.* at pp. 2, 4–5]; *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (holding that the Eleventh Circuit "adopt[s] a more flexible approach, allowing the district court[,] when necessary[,] to consider post-removal evidence in assessing removal jurisdiction[]").

As the removing party, Defendant bore the burden of proving the jurisdictional

amount by a preponderance of the evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Lowery v. Honeywell Int'l Inc.*, 460 F. Supp. 2d 1288, 1296 (N.D. Ala. 2006). His Response [Doc. 8] to the Court's amount-in-controversy inquiry shows that he failed to meet that burden. Therefore, the Court **REMANDS** this case to the Superior Court of Bleckley County, Georgia, for the reasons discussed below.

Under § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). To guide district courts on this issue, the Eleventh Circuit unequivocally held that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). With the $75,000 amount in mind, Defendant removed this case based on a demand letter from Plaintiff indicating his willingness to settle this lawsuit for $350,000.00. [Doc. 1, p. ¶ 18]. Also included in that demand letter was an itemization of medical bills that—according to Plaintiff—reaches $48,069.63. [Doc. 8-1, p. 5]. Plaintiff also noted that additional bills are forthcoming and that "[u]pon their receipt, a supplement will be provided." [*Id.*].

"Considering . . . Plaintiff's . . . settlement demand for $350,000.000 [*sic*] pursuant to O.C.G.A. § 51-12-14, which itemizes past medical bills of $48,000.00, with more

2

apparently forthcoming," Defendant argues that "the medical documentation, and the discussion and allegations in [Plaintiff's] Complaint seeking past, present, and future pain and suffering, past, present, and future medical expenses, lost wages, mental anguish, diminished capacity for labor, permanent injuries, and consequential damages," gives this Court subject-matter jurisdiction pursuant to § 1332(a). [Doc. 8, p. 4, ¶ 13]. However, a court's analysis of the amount-in-controversy requirement focuses on how much is in controversy *at the time of removal*, not later. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). That some medical bills or expenses may be forthcoming, cannot be relied upon to justify removal. In other words, it doesn't matter what a plaintiff says he has—what matters is what a defendant can show to the district court at the time of removal.

Here, once you wade through Plaintiff's treatment notes, the actual accounting for the medical expenses is only around $3,000—not $48,000. *See, e.g.*, [Doc. 8-1, pp. 22–26]. "[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-[removal evidence is] allowable only if relevant to that period of time." *Sierminski*, 216 F.3d at 949. Looking at the medical accounting Defendant provided in response to the Court's show-cause order, it's clear that the amount reflected in Plaintiff's demand letter hasn't either come to fruition or Defendant failed to provide all the medical bills to support of his removal efforts. Given that the jurisdictional amount is—at the time of removal—well below the $75,000

3

threshold, the Court **REMANDS** this case to the Superior Court of Bleckley County, Georgia. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    **SO ORDERED**, this 9th day of July, 2025.

                                          *S/ Tilman E. Self, III*
                                          **TILMAN E. SELF, III**
                                          **UNITED STATES DISTRICT COURT**